Edgar J. Nathan, J.
This action is brought by the Attorney-General under section 91 of the General Corporation Law seeking the annulment of the charter of the defendant corporation and its dissolution. The basis of the action is alleged fraudulent advertising in the sale of miniature radios.
There is now before the court a motion by order to show cause dated May 21, 1958 for a temporary stay in substance enjoining defendants from continuing their business pending the determination of a motion for the appointment of a temporary receiver. There is also before the court an application by defendants to vacate a similar stay contained in a previous order to show cause dated May 15, 1958 obtained ex parte.
The first question before the court is the validity of the temporary restraining order contained in the ex parte order to show cause dated May 15,1958. It may be seriously questioned whether the order of this court obtained ex parte was valid to , *929 the extent that it suspended the business of the corporation or restrained the officers and directors from exercising their powers and duties (General Corporation Law, § 135). However, there is no doubt that the court has the power, ex parte or otherwise, to restrain specific corporate acts when necessary to preserve the status quo.
Upon the Attorney-General’s second order to show cause defendants have had adequate notice, have appeared and been heard, as well as upon the motion for receivership. It is now evident that a limited restraining order is essential to the preservation of the rights of the parties pending final determination on the Attorney-General’s application for the appointment of a temporary receiver.
The corporate defendant having consented to the segregation of a fund in the amount of $100,000 within the State for securing any refunds or other damages incident to this proceeding, only the following specific acts of the corporation, its officers, directors, agents and employees will be temporarily enjoined:
1. Removing from the State of New York, or dissipating any corporate assets.
2. Paying any sums or transferring any assets to any officer or director or stockholder of the corporation, either directly or indirectly.
3. Placing any advertising in any medium whatsoever.
4. Soliciting in any way the sale of its miniature radios.
5. Paying any person, or any firm or corporation in which any of the defendants is an officer, stockholder, or employee, or has any financial interest.
The relief sought both by defendant’s application to vacate the temporary stay in the order to show cause dated May 15, 1958 and the relief sought in plaintiff’s order to show cause dated May 21,1958 is in each case granted to the extent indicated herein.
Settle order accordingly.